**The STATE of Florida, Petitioner,**

v.

**Karon GAITER, Respondent.**

**No. 3D16–1174.**

District Court of Appeal of Florida,
Third District.

Nov. 23, 2016.

Pamela Jo Bondi, Attorney General, and Timothy A. Freeland, Assistant Attorney General, and Carol M. Dittmar, Tampa, Senior Assistant Attorney General, for petitioner.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for respondent.

Before ROTHENBERG, LOGUE, and SCALES, JJ.

LOGUE, J.

The State of Florida filed a petition for a writ of certiorari to review a pretrial decision declaring Florida's new death penalty statute, § 921.141(1), Florida Statutes (2016), unconstitutional. We have jurisdiction.[1] After the petition was filed, the Florida Supreme Court held the statute was rendered unconstitutional because it failed to require a unanimous jury recommendation of death. In doing so, the Court explained, "[a]lthough the United States Supreme Court has not ruled on whether unanimity is required in the jury's advisory verdict in capital cases, the foun-

dational precept of the Eighth Amendment calls for unanimity in any death recommendation that results in a sentence of death." *Hurst v. State*, No. SC12–1947, 202 So.3d 40, 59, 2016 WL 6036978, at *15 (Fla. Oct. 14, 2016); *See Perry v. State*, No. SC16–547, 210 So.3d 630, ——, 2016 WL 6036982, at *8 (Fla. Oct. 14, 2016) ("we resolve any ambiguity in the Act consistent with our decision in *Hurst* ").

Certiorari denied.

interlocutory trial court order that departed from the essential requirements of the law and frustrated the proper prosecution of a crime).

1. *See, e.g., State v. Pettis*, 520 So.2d 250, 253 (Fla.1988) (noting that the filing of a petition for writ of certiorari is an apt remedy where the application of double jeopardy would prevent the State from obtaining review of an